NOT DESIGNATED FOR PUBLICATION

No. 123,154

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KENNETH LEE BARRERA,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sherman District Court; SCOTT SHOWALTER, judge. Opinion filed August 27, 2021. Affirmed.

*Peter Maharry*, of Kansas Appellate Defender Office, for appellant.

*Kurtis Wiard*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before SCHROEDER, P.J., MALONE, J., and BURGESS, S.J.

PER CURIAM: Kenneth Lee Barrera appeals the district court's revocation of his probation and imposition of his underlying prison sentence. Based on our review of the record, we find that the district court did not err and affirm.


FACTUAL AND PROCEDURAL BACKGROUND

In June 2019, the State charged Barrera with three counts of distribution of methamphetamine, contrary to K.S.A. 2018 Supp. 21-5705(a)(1). Barrera and the State ultimately entered into a plea agreement, under which Barrera agreed to plead no contest

1

to one count of severity level 3 distribution of methamphetamine. In exchange, the State agreed to dismiss the two remaining distribution charges and recommend a dispositional departure from presumptive prison to a term of probation if Barrera's criminal history score was not A or B.

On February 27, 2020, the district court sentenced Barrera to 68 months' imprisonment and 36 months' postrelease supervision, pursuant to his criminal history score of C. The district court then departed from a presumptive prison sentence and ordered Barrera to complete 36 months' probation.

Three months after the start of Barrera's probation, the State filed an arrest warrant alleging that he had failed to report, failed to provide a current address, and had positive UAs during his time on probation.

In July 2020, the district court held a hearing on the State's motion to revoke. At the probation revocation hearing, Barrera's Intensive Supervision Officer (ISO) testified that Barrera had tested positive for marijuana on March 3, 2020, and tested positive for methamphetamine on March 10, 2020. Barrera signed a document admitting to using marijuana on February 29, 2020, and methamphetamine on March 4, 2020. Barrera testified he was a drug addict, he was trying his best to comply with the terms of his probation, and he had not used since the beginning of his probation.

The ISO also testified he had not been able to contact Barrera since they had a face-to-face meeting on March 10, 2020. He testified he mailed Barrera a letter and tried to call him, but Barrera responded to neither. The ISO stated he had told Barrera at their face-to-face meeting he must stay in contact with him, even if only by phone. Barrera argued that he received no guidance how to comply with probation in light of the pandemic. The ISO testified that if Barrera had contacted him, he would have informed Barrera how to comply with the terms of his probation in light of the COVID-19

restrictions. Barrera told the district court he took "responsibility for not keeping up with" his ISO, but that he was caring for his mother, which made contact difficult.

The district court ultimately revoked Barrera's probation. On the journal entry of judgment, the district court indicated the underlying sentence was imposed because Barrera's original sentence was imposed as the result of a downward dispositional departure and because he absconded.

Barrera now timely appeals the revocation of his probation and the imposition of his underlying sentence.

ANALYSIS

It is undisputed that Barrera was granted a dispositional departure to probation for crimes committed in June 2019. As a result, the district court had the discretion to properly revoke his probation and order the imposition of his underlying sentence for a single violation. See K.S.A. 2018 Supp. 22-3716(c)(9)(B). Because revocation was clearly within the discretion of the district court, unless that court has made a legal or factual error, we will set aside its discretionary decision only if no reasonable person could agree with it. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 565 U.S. 1221 (2012).

We see nothing unreasonable here. Although Barrera claims revocation of his probation and imposition of his underlying sentence was unreasonable because he needed treatment for his ongoing drug addiction issues, the district court noted that while Barrera claimed he had been drug-free since March, there was no way to know that because he stopped participating in his probation. Additionally, the district court stated that Barrera "didn't do anything necessarily that shows that [he] took [probation] seriously." While another "reasonable person" may have imposed a sanction, that is not our standard of

3

review. We must find that *no* reasonable person could agree with the district court's actions. See 292 Kan. at 550. Barrera demonstrated that he was regrettably unable to avail himself of the opportunities provided to him. While we acknowledge Barrera's struggle with his addictions, the facts at hand provided a reasonable basis for the district court to conclude that Barrera was no longer amenable to probation.

Affirmed.